**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cv-000100-MR**

| | |
|---|---|
| DEJA MONE'T MOORE,          ) | |
|                ) | |
|        **Plaintiff,**        ) | |
|                ) | |
| **vs.**                ) | **ORDER** |
|                ) | |
|                ) | |
| **MARSHALL WILLIAMS, et al.,**    ) | |
|                ) | |
|        **Defendants.**     ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. After substantial delay in receiving Plaintiff's Prisoner Trust Fund Account Statement, Plaintiff has been granted in forma pauperis status. [Docs. 2, 8; see 2/24/2023 & 3/30/2023 Docket Entries].

**I. BACKGROUND**

Pro se Plaintiff Deja Mone't Moore ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Anson Correctional Institution ("Anson CI") in Polkton, North Carolina. On February 21, 2023, she filed this action pursuant to 42 U.S.C. § 1983, naming the following Anson CI officials as Defendants: (1) Marshall Williams, identified as a Unit Manager; (2) Robert Allen, identified as an Assistant Unit Manager; (3) Miranda Mims,

identified as a Captain; and (4) FNU Dunlap, identified as a Sergeant. [Doc. 1 at 1-2]. Plaintiff alleges as follows.

Over the seven months preceding her Complaint, Plaintiff was sexually harassed and pressured by another inmate, Samari Vereen. [Id. at 2]. On Plaintiff's expression of disinterest in Vereen's advances, Vereen began assaulting Plaintiff "in attempts to force [plaintiff] to be in a relationship with her." [Id. at 3]. Plaintiff reported "[her] concerns" to Defendant Williams and Allen and requested to be separated from Vereen. Plaintiff's complaint was "taken as a joke" and Plaintiff was not removed. Plaintiff then "made [her] concerns known" to Defendant Mims, who replied "your [*sic*] the boy, how is she the aggressor?" [Id.]. Defendant Dunlap was also "made aware" that Plaintiff was not in a safe environment and advised her that "just because [Plaintiff] and Vereen had been in physical altercations does not mean [they] have to be seperated [*sic*]." [Id.]. Finally, Defendants failed to take her claims seriously because Plaintiff is a "lesbian-dominant female." [Id.].

Plaintiff claims that Defendants violated her rights under the Eighth Amendment through their failure to protect Plaintiff from violence by another inmate and under the Fourteenth Amendment for their failure to take her claims seriously. [Id. at 3]. Plaintiff does not allege what injuries she suffered, only that she was assaulted on three occasions – May 5, 2022, September

17, 2022, and September 29, 2022 – by inmate Vereen. [Id. at 4]. Plaintiff seeks monetary relief only. [Id. at 6].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A.  Eighth Amendment

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.  To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm."  Id.

Taking Plaintiff's allegations as true and giving her the benefit of every reasonable inference, Plaintiff has failed to state a claim under the Eighth Amendment based on the failure to protect. Plaintiff has not alleged that the assaults occurred after she warned the Defendants of her "concerns" or that they were aware of an objectively serious risk of harm. Rather, Plaintiff's allegations suggest that Defendants were at least subjectively unaware of a serious risk of harm. Plaintiff has also failed to allege that she suffered a serious physical or emotional injury due to Defendants' failure to act. The Court, therefore, will dismiss Plaintiff's Eighth Amendment claim.

## B. Fourteenth Amendment

To state an equal protection claim, Plaintiff must allege that she has been treated differently from others with whom she is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Plaintiff here alleges that her concerns were not taken seriously because she is a "lesbian-dominant female." Giving Plaintiff the benefit of

every reasonable inference, this allegation is insufficient to survive initial review on Plaintiff's equal protection claim against Defendants. Plaintiff has not set forth specific, non-conclusory allegations establishing an improper discriminatory motive. Rather, Plaintiff vaguely alleges that, due to her being "lesbian-dominant," Defendants did not believe she had reason for concern. As such, the Court will also dismiss Plaintiff's equal protection claim.

The Court, however, will allow Plaintiff to amend her Complaint to state a claim for relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend her Complaint, if she so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend her Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend her Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend her Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge